## Hirsch vs. Adler.

Where one of three partners sells his interest in the partnership assets to one of his co-partners, and afterwards brings a bill charging that he had procured such interest for less than its value by fraud, the third partner against whom no fraud or wrong is charged and against whom no decree can be rendered, should not be made defendant.

*Appeal from Independence Circuit Court in Chancery.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

BYERS, for appellant.

Fraud is within the jurisdiction of a court of equity; and if the contract should be declared void and rescinded as fraudulent, a court of equity is the only court that could give adequate relief in having an account stated between the partners in the firm. Adler was a partner, and consequently a necessary party.

FAIRCHILD, for the appellee.

Certainly equity takes cognizance of the transactions of partners and of frauds; but when a partner sells his interest in the partnership, it does not annul the contract because he may be disappointed in the future conduct of one of the partners.

It is so plain from a statement of the bill, that Sam. Hirsch had no remedy for Aaron Hirsch's alleged wrong in a suit in chancery against Israel H. Adler, that it seems to me to be improper to trouble the court with citations or argument.

The effect of the bill, as against Adler, is to make him liable on a written agreement, which he did not execute, to which, or to its consequences, he is not and cannot be made a party,

which, as said by the court of exchequer in a late case, "would be to do away with the rule, that parol evidence cannot be allowed to alter the effect of a written instrument." *Robinson vs. Rudkins* 38 *Eng. Law and Eq. R.* 372.

Hon. HARRIS FLANAGIN, Special Judge, delivered the opinion of the court.

On the 17th day of January, A. D. 1857, the appellant filed his bill of complaint against appellee and one Aaron Hirsch, in which he charges:

That in the year 1851, the defendants came to him in Memphis, Tennessee, where he was profitably engaged in merchandizing as a partner in the firm of Mornheimer, Will & Co., and in which he had some two thousand dollars invested, and urged him to close his business, and go with them to Batesville, in Independence county, and with them engage in a general mercantile business.

After much solicitation he consented, and formed with them the firm of Hirsch, Adler & Co., and each put in eighteen hundred dollars capital, and did a business at Batesville and Jacksonport, until August, 1856, and in the mean time, they sold goods which cost $56,000, at great profit, and that their clear profits in all its branches amounted to twenty-one thousand dollars, which, added to what he put in, amounted to the sum of nine thousand dollars as his interest in said mercantile establishment.

Complainant became dissatisfied with appellee as partner, business man and merchant, and feeling much interest in Aaron Hirsch, who was his brother, proposed a dissolution, to which his brother was opposed. He then proposed if Aaron Hirsch would agree to dissolve, and would obligate himself to disconnect himself from said Adler, and not form a new connection with him or his brother, he would release him from a debt of eight hundred dollars, incurred by Aaron in housekeeping, and charged to him, appellant, on their books. That he would take fifteen hundred dollars from Aaron in goods at cost, and Aaron's note for one thousand dollars in cash, at

twelve months, which was accepted by Aaron Hirsch, and he gave him a written assurance marked A, and in these words:

"I have this day purchased of Samuel Hirsch all his interest in the firm of Hirsch, Adler & Co., and have paid him fifteen hundred dollars in goods at cost, and have given him my note for one thousand dollars, payable at twelve months from this day, and I now give him an assurance, that in our transactions he has not injured me intentionally, and that I will discontinue my connection with Israel H. Adler and his brother. Given under my hand at Batesville, this the 7th day of August, 1856.

(Signed)                        A. HIRSCH."

Aaron Hirsch delivered the goods and gave the note, and the firm of Hirsch, Adler & Co., was dissolved by mutual consent.

That he received nothing else but the twenty-five hundred dollars for his interest in the store. and was well satisfied to pay the balance of between six and seven thousand dollars for his assurance, verbally and in writing, that he would have no business connection with the Adlers.

Aaron Hirsch assured complainant that the paper marked A, would prevent his further business with the Adlers. That the paper was reduced to writing under Aaron's direction, who was well acquainted with the language, and had a good education, and was an elder brother of complainant. Complainant is a foreigner, and has but a limited knowledge of the English language. He was liable by reason of these facts and his confidence in his brother, to be imposed upon by the said Aaron Hirsch.

If the instrument is not of binding force, then it was procured fraud, and with the express purpose to cheat and defraud him out of the sum of six or seven thousand dollars.

He formed a partnership with Israel H. Adler, early in August, 1856, and remained in said partnership, and avers his purpose to continue therein.

He asks for an answer from both defendants, and that they render accounts of the assets of Hirsch, Adler & Co., and that Aaron Hirsch may account for his third of the assets of said

firm, deducting the twenty-five hundred dollars received, on the ground that the trade was procured by the fraud of Aaron Hirsch. Appellee demurred, and his demurrer was sustained and the bill dismissed as against him, from which appellant appealed.

The complainant does not ask any relief against Israel H. Adler. It is not charged that Adler procured or desired the dissolution; that he had any thing to do with the trade between the brothers, or that any part of the property of the appellant ever came to his hands. It is not charged that he was party or privy to any fraud or wrong done the appellant. His case against the appellee is that he was a partner in the firm of Hirsch, Adler & Co., and that Aaron Hirsch procured his interest for less than its value by fraud, and the firm was dissolved. These charges do not justify a decree against Adler. He cannot be called on as a party, since whatever may have become of the assets, they have without his fault or even consent, become the property of another.

No person should be made a defendant against whom a decree cannot be rendered. *Story's Eq. Plead.* 231.

If the complainant should ever get a decree against Aaron Hirsch, then Adler might be an important witness, but this is no reason for making him a party. *Story's Eq. Pl.* 234.

Let the decree be affirmed.

Mr. Justice FAIRCHILD did not sit in this case.